The following opiniori was forwarded by
 

 Taylor, Judge,
 

 and concurred in by the Court:
 

 All the circumstances required by the act of October, 1784, ch. 10, to constitute a valid devise of lands, are stated in this case to have attended the execution and probate of Meredith’s will. 1st. It was in the testator’s hand-writing, and his name subscribed thereto. 2d. It was found after his death among his valuable papers. 3d. It was proved by three credible witnesses. Of the sufficiency of. the will no doubt can be raised, The re
 
 *264
 
 maining question is, what passed under the will ? If the lands sued for passed by the will, the judgment of the Q0U1>t must be for the Defendant: if not, the lessors of the Plaintiff, who are the heirs at law, are entitled to recover.
 

 The. difference in the rule of Law, between real and personal property acquired after making the will, may probably have been deriyed from the policy of feuds, according to which no heir was appointed, to whom chattels should descend. Upon the death of the owner, they belonged to the ordinary. To appoint an executor, therefore, was to appoint an heir, upon whom the testator’s chattels should descend at his death, and who stood exactly in the situation of the testator, and acquired a right to all, as well those which were acquired after making the will, as those which were possessed before it. But as to freehold property, the Law was different: an heir was already appointed, the course of succession traced out, and immediately upon the acquisition of a feud by the ancestor, an imperfect right belonged to the heir in his own right. Thus it became necessary to insert the word “ heirs” in the deed, whenever an inheritance was conveyed. It then vested in the purchaser and his heirs, and could not be disposed of but by some act subsequent to the acquisition of it. For if an estate could be passed by any act prior to the acquisition of* it, two incompatible titles would meet together
 
 •,
 
 the title of the heir created by law, the title of „the assignee created by the seller. But that of the heir being the most favoured title, must prevail. The effect of a disposition of real estate, to take effect after the death of the donor, is to deprive the heir of the succession established by law in his favor j the consequence of disposing of the personal estate is to appoint an heir. The first must therefore operate as a present conveyance by the ancestor, to take place in future against the title of the heir: the latter is to appoint an heir to all the personal property of which
 
 *265
 
 the ancestor dies possessed. The will as to personals does not speak until after the testator’s death, but as to real property, it refers to the date ; because it is considered in the nature of a conveyance by way of appointment. Hence a man cannot devise lands which he has not at the date of the conveyance. Whatever may have, been the origin of this rule, or however artificial the reasoning may seem, upon which it is supported, it is too firmly fixed and interwoven in our system of laws, to be shaken at tiiis day. In confirmation of the numerous cases to be found in the books, some have been decided in this State, and much property is held and^mpch litigation prevented, by a confidence that the law in this respect is certain and established. Indeed, it would be difficult, if not impossible, to find a single case of sufficient authority to countenance the Court to alter the rule of decision, should they even be strongly called upon to do so, by circumstances of peculiar hardship. For in the case of Bunker
 
 v.
 
 Cook, 1
 
 Bro. P. Cas.
 
 199, finally decided in the House of Lords, it was held that lands purchased after the making of the will which,devised them to the wife, and expressly referring to all the testator might have a right to at the time of his decease, although purchased with money received by the testator in right of his wife, would not pass by the will, in that case the law was deemed imperative, although the Judges when they delivered their judgment, declared their belief that the testator intended the lands in question should go to his wife.
 

 Exceptions have been established in particular cases, where the testator has an equitable estate in lands, and devises them for the payment of debts: and, indeed, there are authorities that go so far as to hold, that if lands are devised for the payment of debts, although the testator had no estate whatever at the time of the devise, a Court of Chancery will decree the sale of them. But it is not necessary to consider the peculiar grounds of these ex
 
 *266
 
 ceptions, since the present case does not fall within any 0f them. Judgment for the Plaintiffs.